OPINION of the Court, by
Ch. J. Bovin,
On the 19th of September 1811, Lane and Clark gave to Trim-ble their joint and several obligation for ⅛90 payable in fifteen months thereafter, on which Trimble on the 8th of November 1813, brought suit by petition and summons. At the next term of the court, to which the summons being returned executed, judgment was taken against Clark, and the cause continued as to Lane, Upon the judgment against Clark execution was issued, and bis property being taken by the sheriff, he executed a replevy bond.
In this state of the case Clark filed his bill, alleging tiiat he was the mere security of Lane j that Lane had property to pay the debt, and that it might have been made out of him if judgment and execution had went against him ; but that he has since removed himself and property out of the state. Clark also alleges that these proceedings were had with a view to injure and oppress him, and he prayed for and obtained an injunction, which on a final hearing was made perpetual, and Trim-ble has appealed to this court.
According to the terms of the obligation, Clark had made himself liable severally as well as jointly. Trim-ble might therefore have legally sued him alone, without joining his co-obligor; and though áucli a suit would have operated with as much hardship upon Clark as the course pursued in this case, it is evident he could have had no ground for resorting to a court of equity. That Clark was a surety, and not the principal, cannot affect the case. Where one person undertakes for the solvency or sufficiency of another to pay a debt or demand, the creditor would no doubt be bound to use due diligence to get the debt or demand of his debtor before he could resort to the surety. But where a person becomes bound as surety in an obligation for the payment of money, or the performance of other duty, he undertakes not merely lor the solvency or sufficiency of the principal, but for the pay ment of the money or performance of the *326 duty, and the creditor is under no obligation in such cas» to show that lie has pursued the principal with diligence. The surety having bound himself to discharge the obligation at the stipulated time, his failure to do so is a breach of duty injoined upon him as well by the principles of morality as by the rules of law; and surely no one can be permitted to found his claim to the interposition of a court of equity upon a breach of his own duty.
The decree of the court below must therefore be reversed with costs, and the cause remanded, that the injunction may be dissolved and the bill dismissed with costs and damages.